## SCANLON v. SURFACE COMBUSTION CORPORATION.

### Civ. A. No. 470.

District Court, W. D. Pennsylvania.

May 17, 1940.

Charles M. Clarke and Clarke & Doolittle, all of Pittsburgh, Pa., for plaintiff.

Christy & Wharton, and Bayard H. Christy, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a patent suit in which plaintiff is charging defendant with infringement of claims 4 and 6 of Scanlon Patent No. 2,136,255, issued November 8, 1938, on ap-

plication serial No. 183,307, filed January 4, 1938, for supporting and elevating means for overhead units such as radiators or heaters.

The device disclosed is one providing means capable of temporary attachment to the supporting elements of a suspended unit or load in combination with a supporting platform or stage whereby the unit may be raised for final connection with the permanent support. The device is generally described in the patent specifications, p. 1, lines 15 to 26, inclusive, as follows: "Generally stated, it comprises a pair of clamps capable of such attachment and removal, having supporting sleeve guides and a transverse shaft mounted therein, from which depends the raising and lowering gear, as pulley blocks or the like, connected with the vertically movable platform, for adjustment of the heater to final connecting position. The construction is such as to permit easy, rapid and convenient connection and disconnection, while the platform or stage itself is capable of partial separation for convenience in transportation or packing."

We cite claim 4 as a sample claim. It reads as follows: "4. Means for elevating a unit having coupling terminals for connection with the terminals of supporting spindles comprising in combination with said spindles, a unit supporting platform, means on the platform for holding the unit in position thereon, side connecting means on the platform, a pair of depending supporting spindles having connecting terminals in alinement with the coupling terminals of the unit for connection therewith, a transverse bar, supporting means for the bar removably connected with the spindles, and raising and lowering means connecting the side connecting means of the platform with the transverse bar."

The plaintiff's patent discloses a supporting platform upon which the heater is to rest. No other means of support is suggested. That platform is referred to on page 1, line 6, of the specifications as a "supporting platform or stage" and again on page 1, lines 22–31 as follows: "The unit or heater A is first placed on the platform surface 6 of the supporting floor or stage. The latter, which may be of oak planking or the like, is firmly supported in a rectangular frame consisting of angle bars 7 or other suitable structural form, preferably welded or otherwise secured to-gether at the four corners, and provided with lifting supports 8 at each side, for connection with the elevating and lowering mechanism hereinafter described."

This supporting platform or stage is also provided with rollers or casters for convenient movement over the floor surface. (See Specifications p. 2, lines 17–20.)

The defendant's accused structure has no platform. Instead, the defendant wraps its heater unit to be raised in a sling of webbing. By no stretch of the imagination can a strip of flexible webbing be construed to be a supporting platform, floor, or stage, made of oak planking or the like, and firmly supported in a rectangular frame consisting of angle bars secured at the four corners and provided with lifting support. Therefore, we have no hesitation in saying that defendant has not infringed the claims of the patent in suit, for there is no supporting platform or stage in defendant's accused structure.

Hoisting devices were not new with Scanlon. In the prior art we find the hoisting sling of the Hope Natural Gas Company, which was in regular industrial use as early as August, 1936. It is illustrated by defendant's Exhibits 6 and 30. The overhead anchorage consists of two angle-bars that are applied transversely and on opposite sides of the two hangers and bolted to place. The heater is picked up in a barrel hitch of rope. The two sets of tackle are secured to the ends of the pair of bars, and below to the turns of the barrel hitch at the ends of the heater and midway the height. In lieu of the barrel hitch of rope of the prior art, the defendant uses a sling of webbing to confine the heater which is being raised to the position where it is to be permanently attached. The plaintiff has merely brought into the art a new type for holding or supporting the heater while it is being raised, i. e., the wooden platform on which it rests and is secured while it is being raised to position for permanent attachment. The plaintiff's platform is effective by virtue of its rigidity. The defendant's band of webbing is effective by virtue of its flexibility and follows the idea of the barrel hitch of rope of the prior art. In this we see no mechanical equivalency.

We therefore conclude that the defendant's hoisting sling of flexible cotton webbing is not responsive to, and does not infringe the claims in suit (4, 6) that define in combination (a) "a unit supporting plat-

**410**

form" and (b) "side connecting means on the platform," or, in the phrase of claim 6, "removable supporting arms at opposite sides of the platform."

Findings of fact and conclusions of law in accordance with this opinion are filed herewith.

A decree for the dismissal of plaintiff's action, with costs, may be submitted.